BLAHOVEC, J.,
This matter came before this court for hearing as a result of a petition to request HLA blood testing for paternity filed on behalf of defendant, Thomas M. Silk. On July 31, 1990, plaintiff, Karen E. Silk, filed a complaint for support seeking child support for the minor child, Christopher M. Silk, born November 30, 1988.
The parties are husband and wife, having been married on April 3, 1981. They separated on March 4, 1988, reconciled, and separated most recently on July 14, 1990.
Plaintiff admitted having a menstrual period in February 1988. She recalls having sexual intercourse with defendant in February 1988 about the time the parties returned from a billiard tournament. She estimated the date of conception as on or about Februaiy 23, 1988. In March 1988, plaintiff had *546 sexual relations with another man between March 4, 1988 and March 26, 1988.
When plaintiff told defendant he was about to be a father on or about April 2, 1988, he was very happy. Defendant had always treated the child as his own until the parties’ most recent separation on July 14, 1990.
The recent case of Scott v. Mershon, 394 Pa. Super. 411, 576 A.2d 67 (1990) was argued by counsel for both parties as supporting their respective positions. In Scott, a married woman brought a support action against a third party on the theory he was the biological father of a child born in wedlock. The trial court denied the married woman’s motion for blood tests and dismissed the support complaint. The Superior Court affirmed, holding, in very strong language, that the presumption that a child born to a married woman is the child of the marriage precluded her attempt to assert paternity against a third party.
The court noted that the Uniform Act on Blood Tests to Determine Paternity, 42 Pa.C.S. §6131 et. seq., provides that the court may order blood tests in any matter in which paternity is a “relevant fact.” Before paternity becomes a relevant fact, the presumption must be rebutted. The burden of proof to rebut the presumption is extremely heavy. Scott, supra.
In the present case, the child was conceived during marriage and the parties had sexual relations at the time of conception. The sole question to be answered is whether the mother’s admission that she had sexual relations with another man at about the time of conception rebuts the presumption. This court concludes, based on Scott, that it does not.
Counsel for defendant ably argues that part of the rationale of Scott is to preserve intact families, but *547 in the present case the family is no longer intact, with the parties having separated. The court believes counsel is defining the term intact family too narrowly. Christopher has a father and mother who happen not to live together, as so often occurs in our society. A declaration that some outsider to his family unit is the biological father could only disrupt this family, the maintenance of which is in the child’s best interest. This court believes the rationale of Scott applies even when the parties, while legally married, are separated.
In Scott v. Mershon the Superior Court recognized the same result could have been reached on a theory of equitable estoppel, but felt it preferable to rely on the presumption. In the present case, since November 30, 1988, until the most recent separation, defendant has openly held the child out to be his, has received the child into his home and provided support for the child. The Pennsylvania Supreme Court, in John M. v. Paula T., 524 Pa. 306, 571 A.2d 1380 (1990), stated that where equitable estoppel applies, blood tests may be irrelevant, for the law will not permit a person in these situations to challenge the status which he or she has previously accepted. Pennsylvania courts have employed es-toppel to preclude a husband from denying paternity when a child is born in wedlock but the couple separate and the ex-husband attempts to deny paternity subsequent to separation. Christianson v. Ely, 390 Pa. Super. 398, 568 A.2d 961 (1990). That rationale should be applicable in the present case.
In short, defendant cannot, as a matter of law, have his blood tests for two reasons: first, the presumption exists that this child born during a marriage is a child of the marriage; and second, defendant is estopped from denying his paternity of *548 the child because he has held the child out as his. He is the only father Christopher has ever known.
This court is not unaware of the nagging doubts that arise in these cases. The temptation to order blood tests is great — at least everyone will “know for sure.” However, the law does not support such a satisfaction of curiosity.
ORDER OF COURT
And now, October 17, 1990, after hearing, it is hereby ordered and decreed that defendant’s petition for blood tests is denied.
It is further ordered and decreed that the support hearing in this matter previously continued be rescheduled before a domestic relations hearing officer.